1  MARK B. MIZRAHI (State Bar No. 179384)
     mmizrahi@wrslawyers.com
2  MICHELLE GOODMAN (State Bar No. 238429)
     mgoodman@wrslawyers.com
3  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, 9th Floor
4  Los Angeles, California 90064-1582
   Telephone:  (310) 478-4100
5  Facsimile:   (310) 479-1422

6  Attorneys for Plaintiff, International
   Oddities, Inc.
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL ODDITIES, INC., a California corporation, ,<br><br>        Plaintiff,<br><br>    vs.<br><br>SCOTT RECORD, an individual doing business as Ahia Factory, Same plant as International Oddities,<br><br>        Defendant. | Case No. CV 12-3934 CAS (RZx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:     September 10, 2012<br>Time:     11:00 A.M.<br>Crtrm:    5<br><br>Honorable Christina A. Snyder<br><br>Trial Date:     None |

Pursuant to Fed. R. Civ. P. Rule 26(f), Local Rule 26-1, and the Court's July 23, 2012 Minute Order, plaintiff, International Oddities, Inc. ("International Oddities") and defendant Scott Record, an individual ("Defendant") hereby jointly submit this Joint Rule 26(f) Report.

**I.     PRINCIPAL ISSUES IN DISPUTE**

International Oddities filed a Complaint For: (1) Trademark Infringement; (2) Cyberpiracy; (3) False Advertising; and (4) State Unfair Competition, relating to Defendant's various unauthorized uses of International

Oddities' INTERNATIONAL ODDITIES® and A'HIA trademarks and false statements concerning the nature and quality of the parties' respective goods. Specifically, Defendant's competing business is run through his website located at the domain <ahiabuds.com>, wherein he uses the designations "AHIA" and "INTERNATIONAL ODDITIES" throughout the site and makes false claims concerning the equivalency of the parties' respective goods.

    Defendant has filed an answer substantially denying some but not all of the allegations in the Complaint and has set forth several affirmative defenses.

## II.   NOT A COMPLEX CASE

    The parties believe that this action is not sufficiently complex such that the Manual for Complex Litigation should be utilized.

## III.   EXCHANGE OF INITIAL DISCLOSURES

    The parties have agreed to exchange their respective Initial Disclosures, pursuant to Fed. R. Civ. P. Rule 26(a), on **August 27, 2012**.

## IV.   PROPOSED DISCOVERY SCHEDULE

    The parties do not believe discovery should be limited or that any limitations imposed by the Fed. R. Civ. P. or Local Rules should be modified. Presently, the parties contemplate employing the discovery procedures provided under the Federal Rules, namely, interrogatories, request for documents and things, request for admissions and depositions, some of which may include third parties that are not located within the District. The parties also anticipate taking expert discovery in this matter in the event experts are designated by either party. The parties presently anticipate that they will take discovery relating to, *inter alia*, International Oddities, Inc.'s rights in the marks being asserted, Defendant's uses of such marks, and the

truth or falsity of Defendant's access to assertions concerning the qualities and nature of the parties' respective products.

The parties propose a discovery cut-off date of **March 11, 2013** for the completion of all discovery. The parties do not believe that discovery need proceed in phases.

The parties will likely seek the Court's approval on a proposed stipulated protective order governing the handling of confidential business or otherwise sensitive information and documents.

## V. DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties have acknowledged and discussed their obligations regarding the production of electronically stored information. The parties will not initially produce electronic documents in their native application, or produce metadata, but agree to reasonably cooperate to supply such on a case-by-base basis if an issue arises and such is needed. If either party requests certain documents or categories of documents be produced in their native application, the parties will reasonably cooperate to produce documents in that form. If a particular issue arises that makes production of a particular document in native format unreasonably difficult, then the parties shall discuss in good faith and try to resolve the issue before bringing the matter before the Magistrate Judge.

During the Rule 26(f) conference, Defendant stated that his hard drive containing most of the documents relating to the present dispute are located on a hard drive of the computer that crashed approximately 30 days earlier. International Oddities' counsel reminded Defendant of its obligations to preserve all documents relating to the litigation, including the subject computer. International Oddities anticipates that it will demand that the hard drive be produced for forensic analysis and data recovery by a third party computer professional.

## VI. PROPOSED MOTIONS AND MOTION SCHEDULE

The parties propose a motion filing deadline date of **February 25, 2013**.

International Oddities presently anticipates filing a motion for summary judgment on the issues of trademark infringement, cyberpiracy, and false advertising, which may dispose of all of the claims asserted in this case.

## VII. EXPERT WITNESSES

As provided above, the parties also anticipate taking expert discovery in this matter in the event experts are designated by either party. The parties agree to complete initial disclosures of experts under Fed. R. Civ. P. 26(a)(2) on or before 50 days prior to the discovery cutoff, and to complete rebuttal expert disclosures on or before 20 days prior to the discovery cutoff. Expert discovery shall be completed prior to the Discovery Deadline.

## VIII. SETTLEMENT

The parties have discussed settlement without reaching a resolution. The matter has been assigned to an ADR program (questionnaire filed concurrently herewith). Accordingly, pursuant to L.R. 16-15.4, the parties have selected ADR Procedure No. 2, such that the parties shall appear before a neutral selected from the Court's Mediation Panel.

The parties anticipate that holding such a session in November or December of 2012 (to allow for some discovery in advance) would help maximize the chances of the session being productive.

## IX. TRIAL DATE AND ESTIMATE

The parties propose a trial date of **May 7, 2013** with a final pre-trial conference date of **April 22, 2013**. The parties presently estimate the trial of this matter to last between 2-3 days.

## X. ANTICIPATED ADDITIONAL PARTIES AND AMENDMENTS TO THE PLEADINGS

The parties have no present intent to add additional parties or to further amend their pleadings. However, the parties reserve their right to add parties and/or further amend their pleadings if and when the need arises. The parties propose a deadline of **December 7, 2012** to file motions to amend pleadings and/or add additional parties.

DATED: 8/23/12

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
MARK B. MIZRAHI
Attorneys for Plaintiff, International Oddities, Inc.

DATED: 8/23/2012

By: _____
SCOTT RECORD
Defendant, Scott Record, appearing pro se

1089664.1

-5-
JOINT RULE 26(F) REPORT

1 **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3   At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

  On August 23, 2012, I served true copies of the following document(s) described as **JOINT RULE 26(F) REPORT** on the interested parties in this action as follows:

  SCOTT RECORD
  266 Blue Lakes Blvd. North
  Twin Falls. Idaho 83301

  **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on August 23, 2012, at Los Angeles, California.

                                       /s/
                                       Clara Duong