UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Mark Mizrahi | Scott Record, Pro Per | |

**Proceedings:**   **DEFENDANT'S MOTION TO SET ASIDE DEFAULT** (filed February 25, 2013) [Dkt. No. 36]

## I.   INTRODUCTION & BACKGROUND

On May 4, 2012, plaintiff International Oddities, Inc. filed suit against *pro se* defendant Scott Record, asserting claims for (1) trademark infringement, (2) cyberpiracy, (3) false advertising, and (4) unfair competition.  Plaintiff is a California corporation that sells herbs for smoking, also known as legal buds," named "A'Hia."  Plaintiff owns the rights to the trademark name "A'Hia."  Defendant is an individual living in Twin Falls, Idaho.  Defendant owns the website ahiabuds.com on which he advertises and sells "A'Hia buds" that are "the SAME botanical plant as International Oddities."  Defendant's website states that "'A'Hia' is a trademark of International Oddities."  Plaintiff properly served defendant on May 17, 2012; defendant's answer was due by June 7, 2012.  Dkt. No. 7.

On June 7, 2012, defendant requested additional time to respond to plaintiff's complaint; the Court subsequently granted defendant an additional thirty days in which to respond.  Dkt. No. 12.  Thereafter, the Court granted defendant an additional extension of time based upon a further request from defendant, and defendant filed an answer on June 18, 2012.  Dkt. No. 16.  On July 23, 2012, the Court set a scheduling conference for September 10, 2012.  Dkt. No. 18.

The Court held a scheduling conference on September 10, 2012, at which defendant or his representative failed to appear.  Dkt. No. 21.  Pursuant to the parties' request, the Court ordered the case to the Court Mediation Panel (ADR Procedure No. 2), to be completed no later than December 20, 2012.  Dkt. No. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

    On December 14, 2012, the parties filed a joint stipulation to postpone the settlement conference deadline to January 18, 2013 and reschedule a status conference re: settlement to January 28, 2013. Dkt. No. 27. On December 17, 2012, the Court modified the deadline for conducting a settlement conference as proposed by the parties, and continued the status conference to January 28, 2013. The Court further ordered that "[r]epresentatives of the parties with settlement authority shall appear at the Settlement Conference in person." Dkt. No. 28.

    The parties and their chosen mediator set a date of January 16, 2013, to conduct a mediation in Los Angeles, with defendant's deposition to take place the following day. See Decl. of Mark Mizrahi ¶ 4, Ex. 2. In response to an email from plaintiff's counsel confirming these dates, defendant stated that he "will make arrangements to be there." Id. In subsequent communications between plaintiff's counsel and defendant, plaintiff's counsel reminded defendant of his obligation, pursuant to the Court's order, to attend the scheduled mediation in person. Id. Exs. 4, 5.[1] On January 15, 2013, after plaintiff had served its mediation brief, defendant announced that he would not be attending the scheduled settlement conference the following day. Id. ¶ 8.

    On January 28, 2013, the Court held a status conference re: settlement, at which defendant failed to appear. At the conference, plaintiff also informed the Court that defendant failed to appear at the scheduled mediation. Accordingly, the Court ordered defendant to show cause in writing no later than February 12, 2013. why defendant's responsive pleading should not be stricken for defendant's failure to appear at mediation and the status conference. Dkt. No. 31. Defendant failed to respond to the Court's order to show cause. Therefore, on Feburary 15, 2013, the Court ordered the Clerk to enter defendant into default forthwith. Dkt. No. 32.

    On February 25, 2013, defendant filed a motion to set aside the default. Dkt. No. 36. Plaintiff opposed the motion on March 8, 2013, and defendant filed a response on March 18, 2013. The Court held a hearing on April 8, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

---

    [1] Defendant participated in all of these email discussions using the email address <scottrecord@omegaproductions.com>, not the <trademarkcase12@gmail.com> discussed *infra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Ninth Circuit has directed district courts to consider three factors when evaluating whether good cause exists for setting aside a default: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010); see also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). These factors are disjunctive, which means that a district court may deny a motion to set aside a default if any of the three factors are present. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F. 3d 922, 926 (9th Cir. 2004).

Nonetheless, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. Such "extreme circumstances" should be present to justify denying a motion to set aside a default judgment. Mesle, 615 F.3d at 1091. Moreover, courts should apply the "good cause" standard liberally when considering whether to set aside a default judgment because the interest in preserving the finality of judgments is absent. Id. at 1091 n.1.

## III. ANALYSIS

Defendant contends that the Court should set aside the default entered on February 15, 2013, on the grounds that defendant was not receiving the Court's CM/ECF notices until some time in mid-February. In particular, plaintiff contends that he hired someone temporarily to assist him with his defense in this case and that this individual set up the <trademarkcase12@gmail.com> account to receive electronic notice of future filings. Due to financial limitations, defendant was unable to retain this individual for very long. Defendant claims that he was not aware of the existence of this email account until mid-February, when he first realized the Court's CM/ECF notices were being sent to this address. As such, defendant contends that he never received any notification from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

CM/ECF system that he had to appear on January 28, 2013, at the status conference re: settlement, nor did he receive the Court's order to show cause re: entry of default.[2]

According to the emails defendant submits with his motion, defendant attempted to reply to the Court's electronic notices by sending an email to <cacd_ecfmail@cacd.uscourts.gov>. On February 18, 2013, for example, defendant wrote that he "would like to set aside the default judgment due to the fact that I am not an attorney, and had no idea that I was in breach." That same date, defendant responded to another notice from the Court, stating that he "did not have the password to this email address, because it was set up by an employee that I had hired to help me manage this case. . . I received no notice from plaintiff's council [sic] that I was in any default, or that I was in danger of being in default." However, no one received any of these responses from defendant. As all messages sent from the CM/ECF system state: "This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended." As such, defendant's emails to <cacd_ecfmail@cacd.uscourts.gov> were not received by the Court or any party.

In addition, defendant argues that the Court should set aside his default because as of January 29, 2013, the parties were still contemplating a mediation to take on February 13, 2013. See Def.'s Ex. A. Because of the continued discussions between the parties, defendant contends that he assumed any deadlines to mediate had been suspended. Defendant also maintains that this is the incorrect venue for this case, because defendant resides in and does business in Idaho, and has never done business in California. If his motion is granted, defendant contends that he will move to have this case transferred to Idaho, where he can obtain some form of legal assistance.

In opposition, plaintiff argues that the default should not be set aside, as all three factors weigh in favor of maintaining the default. First, plaintiff contends that defendant's culpable conduct is what led to the default entered by the Clerk. In particular, plaintiff notes that defendant entered into a joint stipulation with plaintiff regarding the continuance of the status conference re: settlement to January 28, 2013. In

---

[2] It appears from CM/ECF records that the last time a copy of a docket entry was mailed to defendant was on September 25, 2012, Dkt. No. 26. Thereafter, notices of electronic filing were sent via email only to <trademarkcase12@gmail.com>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA           O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

an email to defendant on January 8, 2013, plaintiff reminded defendant that the Court ordered defendant to appear at the mediation in person, and attached a copy of the Court's order containing the January 28, 2013 conference date. Mizrahi Decl. ¶¶ 6–7; Ex. 4. As such, plaintiff has no grounds for contending that he was unaware of the January 28 status conference he was required to attend.

Second, plaintiff contends that defendant lacks a meritorious defense to the claims asserted against him. In brief, plaintiff is the owner of two trademarks—"A'HIA" and INTERNATIONAL ODDITIES—that plaintiff uses of herbs for smoking in interstate commerce throughout the United States. See Mizrahi Decl. Exs. 6, 7. Defendant, however, used both of these trademarks on his website in connection with the promotion and sale of "herbs for smoking." See id. Ex. 8. Moreover, defendant's website is located at <ahiabuds.com.>, impermissibly incorporating plaintiff's trademark into defendant's domain name. Id. Ex. 9. Defendant also advertised his competing goods in magazines, including the same magazines that plaintiff advertises in. See id. Ex. 10. Based on these allegations and evidence, plaintiff argues that defendant's conduct has necessarily caused a likelihood of confusion as to the source of the parties' respective goods. In addition, because defendant actually purchased "A'Hia bud" directly from plaintiff before embarking on his enterprise, plaintiff argues that the Court should find that defendant knowingly adopted its infringing mark. See Decl. of Robert Hillard, Ex. A (documenting sale of A'Hia bud from plaintiff to defendant). Finally, plaintiff maintains that defendant is liable for cyberpiracy under the Anticybersquatting Consumer Protection Act ("ACPA"), which allows a trademark owner to bring suit where a domain name registrant (1) registers a name that is confusingly similar to a distinctive mark and (2) has a bad faith intent to profit from the mark. See 15 U.S.C. § 1125(d)(1)(A). Because defendant adopted a domain name, <ahiabuds.com>, that directly incorporates plaintiff's protected mark, and because defendant had a bad faith motive to profit off plaintiff's name, defendant has no defense to this claim.

Third, plaintiff contends that it would be prejudiced if the Court were to set aside defendant's default, as defendant has failed to participate in this action in good faith, both by failing to appear at scheduled court hearings and in the discovery process. In particular, plaintiff notes defendant's inconsistent statements regarding the existence of a hard drive that potentially contains discoverable information, as well as defendant's attempt to condition his provision of the hard drive on plaintiff's willingness to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA           O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3934-CAS (VBKx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | INTERNATIONAL ODDITIES V. SCOTT RECORD | | |

this action against him.  See Mizrahi Decl. Exs. 11–14.  Defendant has also failed to respond to written discovery requests from plaintiff.

After considering the parties' arguments, the Court concludes that defendant's default should be set aside.  There are no "extreme circumstances" present in this case that warrant maintaining the entry of default against defendant.  See Mesle, 615 F.3d at 1091.  While defendant should have been aware of his obligation to attend the January 28, 2013 status conference before the Court, defendant moved expeditiously to set aside the default in this action once he allegedly became aware of it.  In addition, defendant alleges that he never received this Court's order to show cause why defendant should not be entered into default until February 18, 2013, by which time the deadline to respond had already passed.  Accordingly, because the Court does not find that extreme circumstances warrant the "drastic" measure of not deciding this case on the merits, the Court grants defendant's motion to set aside the default.

## IV.   CONCLUSION

In accordance with the foregoing, defendant's motion to set aside the default is hereby GRANTED.  Defendant is admonished that failure to comply with his obligations in this case in good faith, including his outstanding discovery obligations, may result in the imposition of monetary sanctions or a renewed entry of default by the Clerk.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |