UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL ODDITIES, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCOTT RECORD, an individual doing business as Ahia Factory, Same plant as International Oddities,<br><br>    Defendant. | Case No.: 12-3934 CAS (RZx)<br><br>[PROPOSED] **PERMANENT INJUNCTION**<br><br>**Judge:** Hon. Christina A. Snyder<br><br>**Motion Hearing:**<br><br>Date:      June 24, 2013<br>Time:     9:00 a.m.<br>Ctrm:     5<br><br>Trial Date:   August 20, 2013<br><br>**[Filed concurrently with Plaintiff's Motion for Summary Judgment]** |

WHEREAS, plaintiff International Oddities, Inc. ("International Oddities" or "Plaintiff") has filed its MOTION FOR SUMMARY JUDGMENT RE: LIABILITY AND PARTIAL DAMAGES, PLAINTIFF RESERVING THE RIGHT TO TAKE DISCOVERY AS TO ADDITIONAL DAMAGES PRIOR TO FINAL JUDGMENT AS TO AMOUNT OF DAMAGES AWARD ("the Motion");

WHEREAS, the Court has granted the Motion and entered Judgment in favor of Plaintiff on all of the Claims for Relief asserted in the Complaint;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction of the subject matter of this litigation and personal jurisdiction over defendant, Scott Record.

2. Plaintiff is a corporation organized under the laws of the State of California, having an address at 927 Deep Valley Drive, No. 163, Rolling Hills, CA 90274.

3. Scott Record is an individual residing in Twin Falls, Idaho.

4. Plaintiff is the owner of U.S. Registration No. 3,001,848 for the trademark INTERNATIONAL ODDITIES and U.S. Registration No. 4,217,917 for the trademark A'HIA ("Plaintiff's Trademarks").

5. Plaintiff's Trademarks are valid, enforceable, and subsisting.

6. As a result of Plaintiff's extensive use and advertising of the Plaintiff's Trademarks, the Plaintiff's Trademarks have become well known to the industry and the purchasing public to be associated with Plaintiff.

7. Plaintiff has superior rights to exclusive use of the Plaintiff's Trademarks vis-à-vis Defendant throughout the United States.

8. Defendants' uses of the marks/designations A'HIA, AHIA, AHIA BUDS, A'HIA FACTORY SAME PLANT AS INTERNATIONAL ODDITIES, and www.ahiabuds.com ("the Infringing Marks") as trademarks, service marks, and domain names, as alleged in the Complaint in this Action, have infringed upon Plaintiff's exclusive rights in Plaintiff's Trademarks.

9. Defendant's use of Infringing Marks in connection with his promotion, distribution, and sale of smoking products and other products has created, and continues to create, a likelihood of confusion, deception, and mistake as to the source or origin, sponsorship, affiliation, association, or authorization of Defendant's goods vis-à-vis Plaintiff and as to the sponsorship, affiliation, and association between Defendants and Plaintiff, in violation of 15 U.S.C. §§1114 and 1125(a), California

1  Business and Professional Code Section 17200 *et seq.*, and California common law
2  relating to trademarks, service marks, and trade names.

3  10.  Defendant's conduct constitutes unfair competition and misappropriation
4  of Plaintiff Trademarks and the goodwill associated therewith and constitutes an
5  "unlawful, unfair or fraudulent business act or practice" and/or "unfair, deceptive,
6  untrue or misleading advertising" in violation of California Business and Professional
7  Code Section 17200 et seq. and California common law relating to unfair competition.

8  11.  Defendant has violated and infringed Plaintiff's rights in Plaintiff's
9  INTERNATIONAL ODDITIES® and A'HIA® trademarks under the federal and state
10 laws set forth in the Complaint.  Therefore, Plaintiff has prevailed vis-à-vis Defendant
11 on its First Claim for Relief (15 U.S.C. § 1125(a)), Fourth Claim for Relief (common
12 law trademark and trade name infringement), Fifth Claim for Relief (Cal. Bus & Prof.
13 Code §§17200 *et seq.*), and Seventh Claim for Relief (California common law unfair
14 competition) set forth in the Complaint.  (*See* Docket Entry No. 1).

15 12.  Defendant is in violation of The Anticybersquatting Consumer Protection
16 Act ("ACPA") with regard to Defendant's unauthorized registration, trafficking and
17 use of the domain names, <ahiabuds.com> and <ahiabud.com>, which unlawfully
18 incorporate Plaintiff's A'HIA® trademark.  Therefore, Plaintiff has prevailed vis-à-vis
19 Defendant in connection with Plaintiff's Second Claim for Relief (15 U.S.C. §
20 1125(d)), Docket Entry No. 1).

21 13.  Defendant has violated both the federal Lanham Act (15 U.S.C.
22 §1125(a)) and California state law (Bus. & Prof. Code §§17200, 17500) through
23 Defendant's false advertising claims concerning the nature and quality of Defendant's
24 goods, as Defendant's goods are not the same in character or quality – Defendant's
25 goods are of much lower quality and are comprised of a different plant – as Plaintiff's
26 goods sold in connection with Plaintiff's Trademark.  Therefore, Plaintiff has
27 prevailed on its Third Claim for Relief, Plaintiff's Fifth Claim for Relief, and
28 Plaintiff's Sixth Claim for Relief, respectively.

1        14. As a direct and proximate result of Defendants' infringing activities as set
2 forth above, Plaintiff International Oddities has been irreparably harmed and damaged
3 in an amount to be ascertained. This harm includes, without limitation, injury to
4 Plaintiff International Oddities' goodwill and reputation.

5        15. The harm to Plaintiff International Oddities resulting from the uses and
6 activities of Defendants is irreparable, continuing, not fully compensable by monetary
7 damages.

8        16. Defendants shall immediately abandon/cancel and not in the future file or
9 maintain an application for registration or a registration of any mark or name
10 comprising or including any of the Plaintiff's Trademarks, or any reproductions,
11 copies, counterfeits or colorable imitations thereof or any terms confusingly similar
12 thereto, with the United States Patent and Trademark Office or any other
13 governmental or state authority.

14        17. Defendant and each of his agents, servants, employees, successors,
15 assigns, attorneys, and any entity that Defendant has an ownership interest in (unless it
16 is a publicly traded company), controls directly or indirectly or for which it/he is an
17 officer, director, or provides advice or direction, and all those persons in active
18 concert, or participation, or affiliated with one or more of the afore-described persons
19 or under authority of Defendant who receive actual notice of this Order, shall to
20 immediately cease and not resume at any time thereafter:

21        (a) making, contributing to the making, or inducing others to
22 make any use of a name, trade name, trademark, service mark, URL,
23 domain name, or computer code which comprises or includes one or
24 more of the Plaintiff's Trademarks – or any of Plaintiff's other
25 trademarks – or any reproduction, copy, counterfeit or colorable imitation
26 thereof or any term(s) confusingly similar thereto, including, without
27 limitation, the Infringing Marks, especially, without limitation, any such
28 use on or in connection with herbal incense, "potpourri," dietary

1  supplements, herbal tobacco substitutes or any smoking-related products
2  or accessories (including, without limitation, lighters, pipes, matchbooks,
3  or any similar goods), sold, offered for sale, distributed, or imported or
4  otherwise advertised, marketed or promoted;

5  (b)   offering for sale, selling, distributing, marketing, importing,
6  advertising, promoting or giving away, or causing to be offered for sale,
7  sold, distributed, marketed, imported, or given away any goods bearing
8  one or more of the Plaintiff's Trademarks – or any of Plaintiff's other
9  trademarks – or any reproduction, copy, counterfeit or colorable imitation
10 thereof or any term(s) confusingly similar thereto, including without
11 limitation the Infringing Marks;

12 (c)   shipping, delivering, distributing, returning, or otherwise
13 disposing of in any manner other than destruction of packaging, or from
14 causing to be shipped, delivered, distributed, returned, or disposed of
15 (other than destroying packaging), products bearing one or more of the
16 Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any
17 reproduction, copy, counterfeit or colorable imitation thereof or any
18 term(s) confusingly similar thereto, including without limitation the
19 Infringing Marks;

20 (d)   displaying, advertising, or soliciting purchases, or causing to
21 be displayed, advertised, or solicited, any product or service under one or
22 more of the Plaintiff's Trademarks – or any of Plaintiff's other
23 trademarks – or any reproduction, copy, counterfeit or colorable imitation
24 thereof or any term(s) confusingly similar thereto, including without
25 limitation the Infringing Marks, over the Internet or otherwise;

26 (e)   registering, maintaining, promoting, using, trafficking in, or
27 engaging in any activities (directly or indirectly) with any domain name,
28 web page name or URL which includes one or more of Plaintiff's

Trademarks – or any of Plaintiff's other trademarks – or any reproductions, counterfeits, copies or colorable imitations thereof or any terms confusingly similar thereto, including without limitation the <ahiabuds.com> and <ahiabud.com> domain names;

(f) maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, home page, web site, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with any goods/business) that contains one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the Infringing Marks (as used in this Order, the capitalized term "Affiliates" means third-party owned websites/domain names that link to one or more websites owned, hosted, and/or operated by Defendant);

(g) obtaining, registering, transferring, assigning, licensing, authorizing use, or otherwise displaying (directly or indirectly) of any domain name or URL which includes one or more of Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto, including without limitation the <ahiabuds.com> and <ahiabud.com> domain names, or undertaking any such activities to promote or utilize such domain names;

      (h)    identifying himself (directly or through his Affiliates) or any of his products over the telephone or by any other media (including the Internet) or printed matter or signage as "International Oddities" or any confusingly similar term, or any reproduction, counterfeit, copy or colorable imitation of the "International Oddities" or "A'HIA" designations, including without limitation the mark/trade-name "A'HIA FACTORY SAME PLANT AS INTERNATIONAL ODDITIES";

      (i)    infringing, inducing others to infringe, or contributing to the infringement of any of Plaintiff's Trademarks or any other of Plaintiff's trademarks, registered or otherwise, or otherwise engaging in unfair competition with Plaintiff in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that Defendant or his Affiliates or their products originate from or are affiliated with Plaintiff or that Plaintiff has otherwise sponsored, approved, or licensed any products or services of any of the Defendant or his Affiliates;

      (j)    passing off, inducing or enabling others (including, without limitation, any of the Defendant's Affiliates) to sell or pass off any product not Plaintiff's or not produced under the control and supervision of Plaintiff as approved by Plaintiff for sale under one or more of Plaintiff's Trademarks or any other of Plaintiff's trademarks;

      (k)    committing or contributing to any acts calculated to cause purchasers to believe that any products not Plaintiff's are those sold under the control and supervision of Plaintiff, or are sponsored or approved or connected with, guaranteed or produced under the control and supervision of Plaintiff, or otherwise infringing, inducing others to

infringe, or contributing to the infringement of any of Plaintiff's trade names, Plaintiff's Trademarks, or any of Plaintiff's other trademarks; and

(l) making any false or misleading statements concerning the nature, quality, or characteristics of Defendant's or Plaintiff's goods, including without limitation, statements that equate Defendant's *Waltheria americana* herbal smoking products with Plaintiff's A'HIA goods.

8. Defendants shall, upon execution of this Agreement, eliminate (and not thereafter resume use of) Plaintiff's Trademarks or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto, and all statements comparing, equating, or associating Defendant's goods with those of Plaintiff, from all labels, products, advertising, promotional materials, invoices, business cards, stationery, brochures, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banners and all other visual media used in connection with his business and shall terminate its advertising of Plaintiff's Trademarks or any reproduction, copy, counterfeit or colorable imitation thereof in all third party media (including, without limitation, that of Defendants' Affiliates), including print advertising and the Internet.

9. Defendant shall eliminate any content, including links, from any and all websites which he owns, controls, operates has an association or affiliation with or on which he otherwise advertises that causes or tends to cause an Internet search engine to list or report a website – not selling goods that originate from or are otherwise authorized by Plaintiff – based on a search query that includes one of Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto.

10. Within five (5) business days after the execution of this Agreement, Defendant shall:

    a) deliver to Plaintiff through Plaintiff's counsel an affidavit in which he shall identify by name, address, and telephone number all third party advertising media, in which Defendant has placed any advertisement bearing any of Plaintiff's Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof, including, without limitation, the Infringing Marks; and

    b) cause Defendant's registrations of the <ahiabuds.com> and <ahiabud.com> domain names to be transferred to Plaintiff through the appropriate domain name authority and immediately provide Plaintiff with copies of all communications concerning Defendant's request for transfer.

18. This Court shall retain jurisdiction to construe, enforce, and implement this Permanent Injunction.

19. Plaintiff may issue subpoenas, pursuant to Fed. R. Civ. P. Rules 26 through 45, as appropriate to enable it to police and enforce compliance with this Permanent Injunction.

20. The prevailing party in any proceeding to enforce the terms of this Permanent Injunction shall be entitled to recover the attorneys' fees and costs incurred therewith.

Dated: July 23, 2014

_____
The Honorable Christina A. Snyder,
United States District Judge